UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD ZIEDMAN,

                Plaintiff,

v.                                                              Case No. 21-cv-388-pp

JANET POTASAVIS,
MARK TISHBERG,
and ALIZIA KURT,

                Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO FILE COMPLETE TRUST ACCOUNT STATEMENT**

---

      Plaintiff Ronald Ziedman, who is confined at the Wisconsin Resource Center, filed a civil complaint, dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. On March 29, 2021, the Clerk of Court sent the plaintiff a letter directing him to file a certified copy of his institutional trust account statement for the past six months. Dkt. No. 3. About two weeks later, the court received from the plaintiff a one-month trust account statement which showed transactions from March 1, 2021 through March 31, 2021. Dkt. No. 7. In response, the clerk's office sent the plaintiff a letter reiterating that the plaintiff must file his trust account statement for the preceding six months and that he should submit it within twenty-one days, or by May 10, 2021.

      The May 10, 2021 deadline passed, and the court did not receive the plaintiff's six-month trust account statement. On July 15, 2021, the court

1

issued an order giving the plaintiff more time to file a complete trust account statement. Dkt. No. 9. The court explained that

> [t]he court reviewed the Wisconsin Department of Corrections' Inmate Locator web site. The plaintiff has been at the Wisconsin Resource Center since February 2, 2021. Before that, he had been in Dodge Correctional Institution since December 21, 2020. https://appsdoc.wi.gov/lop/detail.do. The court needs the plaintiff's trust account statement from WRC for the month of February 2021, and from Dodge for the months of October 2020 through January 2021. The court cannot do anything further in the plaintiff's case until it receives the full, six-month trust account statement.
>
> The court will give the plaintiff more time to file a complete trust account statement. The plaintiff already submitted a trust account statement from March 2021. The plaintiff should file a trust account statement from October 2020 through February 2021 by the end of the day on August 20, 2021. This means that the plaintiff should submit the trust account statement in time for the court to receive it by the end of the day on **August 20, 2021**. If the court does not receive the plaintiff's trust account statement from October 2020 through February 2021, or a letter explaining why he cannot submit it, by the end of the day on August 20, 2021, the court will dismiss this case without prejudice.

Dkt. No. 9 at 2-3 (emphasis in original).

On July 23, 2021, the court received from the plaintiff eight pages of trust account statement documents. Dkt. No. 10. These documents include two copies of his trust account statement from January 2021, id. at 1, 6; trust account statement balances from January 4, 2021, id. at 2, January 29, 2021, id. at 3, January 22, 2021, id. at 4, January 8, 2021, id. at 7, and January 19, id. at 8; and a trust account statement balance from April 2021, id. at 8. The court's July 15, 2021 order required the plaintiff to file his trust account statement from October 2020 through February 2021; he filed only his trust account statement from January 2021. The other documents simply show the

balances in the plaintiff's trust account statement at certain points. The balances, without the full statement, do not let the court determine how frequently the plaintiff has received money, how he has been spending it or what his average balance was over the six-month period—information the court needs to decide whether to allow the plaintiff to proceed without prepaying the filing fee. The plaintiff has not filed a letter explaining why he did not submit his complete trust account statement, as required. Because the plaintiff has not followed the court's July 15, 2021 order, the court will dismiss this case without prejudice.

The law requires any incarcerated person who files a civil lawsuit to pay the statutory filing fee. 28 U.S.C. §1915(b)(1). The court will collect the $350 statutory filing fee.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Director at the Wisconsin Resource Center.

Dated in Milwaukee, Wisconsin this 12th day of October, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**